IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS R. MONTGOMERY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> JASON HICKS, *et al.*, ) <br> ) <br> Defendants. ) | Case No. CIV-15-289-M |

## REPORT AND RECOMMENDATION

Thomas Montgomery, a state prisoner appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983, alleging a violation of his constitutional rights. This matter has been referred to the undersigned magistrate judge for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(B) and (C). Having reviewed Plaintiff's Complaint (ECF No. 1), it is recommended that Plaintiff's claims be **DISMISSED**.

### I. BACKGROUND

According to Plaintiff's Complaint, the claims asserted arise out of events surrounding criminal charges filed against Plaintiff in 2009 and 2011. (ECF No. 1:2-6). The named Defendants are the following individuals, in their individual and official capacities: Jason Hicks, Grady County District Attorney; Brett Burns, former Grady County District Attorney; Lisa Birdwell, Grady County District Attorney employee; Leah Edwards, Grady County District Attorney employee; Courtney Cain, Grady County

District Attorney employee; and, James Walters, Grady County District Attorney employee. (ECF No. 1:1-3). Plaintiff's causes of action include violations of his Fourth Amendment rights based on both false arrest, harassment and malicious prosecution, violations of his right to due process under the Fourteenth Amendment, an excessive force claim in violation of the Eighth Amendment, a violation of his medical privacy rights in violation of the Health Insurance Portability and Accountability Act ("HIPAA"), and a state law claim for defamation.

### A. 2009 Incidents

Plaintiff asserts that he was falsely arrested on February 28, 2009 by Grady County Sheriff's Deputy, David Jacobs, and, in doing so, Deputy Jacobs repeatedly assaulted and spit at him, and stole $4,880.00 from him. (ECF No. 1:4). Plaintiff contends that charges entered against him were "fictitious" and were subsequently dismissed in January 2010. (ECF No. 1:4). It appears Plaintiff also argues that he was maliciously prosecuted following this arrest and held under an excessive bond. (ECF No. 1:2,4).

### B. 2011 Incidents

Plaintiff next complains that in May 2011 he was arrested on felony charges of possession of stolen property even though the Grady County District Attorney investigators had no evidence to support said charges. (ECF No. 1:4). Plaintiff was held under an allegedly excessive bond of $100,000 until the charges were dismissed on October 4, 2011. (ECF No. 1:4).

On October 17, 2011, Plaintiff was charged with first degree rape. (ECF No. 1:5). On that same date, the Grady County District Attorney's Office, acting in unison with the Grady County Sheriff's Office, contacted local news organizations to defame Plaintiff's character and corrupt the minds of future potential jurors. (ECF No. 1:5). Plaintiff also contends that Grady County officials released Plaintiff's medical information to the news organizations, in violation of the Health Insurance Portability and Accountability Act. (ECF No. 1:5).

## II. SCREENING

A district court has an obligation to screen cases for merit pursuant to 28 U.S.C. § 1915A(a). *See also* 28 U.S.C. § 1915(e)(2)(B) (requiring court to screen cases in which plaintiff is proceeding *in forma pauperis*). The § 1915A screening requirement applies to any prisoner who brings suit against a governmental entity, officer, or employee. *Id.* Under these provisions, a court shall dismiss the case if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See, e.g. Buchheit v. Green*, 705 F.3d 1157, 1160 (10th Cir. 2012).

Rule 8(a) of the Federal Rules of Civil Procedure informs the inquiry required when screening a complaint. Rule 8 requires a complaint to set forth a short and plain statement of the grounds for jurisdiction, the claim for relief, and a demand for the relief sought. A pleading must include facts sufficient to provide the opposing party with fair notice of what the claim is and the grounds upon which it rests. *Tellabs, Inc. v.*

*Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007). A complaint must also contain sufficient factual allegations to state a claim to relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In applying this standard, the Court must assume the truth of all well-pleaded factual allegations in the complaint and construe them in the light most favorable to the Plaintiff. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

## III. ANALYSIS

### A. Claims against Defendants in their Official Capacities

Plaintiff states in his Complaint that he intends to name each Defendant, all of whom were purportedly employed with the Grady County District Attorney's Office at all times relevant to Plaintiff's claims, in both their individual and official capacities. (ECF No. 1:1-2, 3, 6). Additionally, he requests only monetary damages. (ECF No. 1:8). "To state a claim under [42 U.S.C.] § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Neither a state, a state agency, nor an official of the State acting in his or her official capacity, is a "person" for purposes of § 1983. *See Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 64, 71 (1989). *See also Branson School*

*District RE-82 v. Romer*, 161 F.3d 619, 631 (10th Cir. 1998) (when suit is brought against a state official in his official capacity, the real party in interest is the state). Eleventh Amendment sovereign immunity precludes suits against states, state agencies and state officials sued in their official capacities.

Unlike other jurisdictional issues, a state may waive the defense of sovereign immunity. The State of Oklahoma has not, however, waived its sovereign immunity defense against § 1983 claims brought in federal district court cases. *See Ramirez v. Okla. Dep't of Mental Health*, 41 F.3d 584, 589 (10th Cir. 1994). It is therefore recommended that all official capacity claims seeking monetary damages against Defendants in their official capacities be dismissed with prejudice.

### B. Untimely 2009 and 2011 Federal Claims

The period of limitations for an action under 42 U.S.C. § 1983 is governed by the forum state's law for personal injury actions. *Gee v. Pacheco*, 627 F.3d 1178, 1189–90 (10th Cir. 2010) ("The forum state's statute of limitations for personal-injury actions sets the limitations period for § 1983 actions." (citation omitted)). In Oklahoma, the limitations period is two years for personal injury actions. Okla. Stat. tit. 12, § 95(A)(3).

The date a § 1983 claim accrues is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998). A plaintiff "need not have conclusive evidence of the cause of an injury in order to trigger the statute of limitations." *Alexander v. State*, 382

F.3d 1206, 1216 (10th Cir. 2004). Additionally, a plaintiff need not "know all of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Board of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). (quotation omitted). The test is an objective one, with the focus "on whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused the harm." *Alexander*, 382 F.3d at 1216.

As noted above, Plaintiff asserts Fourth, Eighth and Fourteenth Amendment claims based upon his 2009 and May 2011 arrests and subsequent criminal charges. (ECF No. 1:2, 4). Each of these claims would fall under the two-year statute of limitations applicable to § 1983 claims. *See McKinley v. Wall*, No. CIV–10–886–D, 2011 WL 767314, at *2 (W.D. Okla. Jan. 27, 2011). Plaintiff did not file the present action until March 26, 2015. Thus, these claims are clearly untimely and should be dismissed with prejudice for failure to state a claim upon which relief can be granted.[1]

### C. Untimely State Law Claim

Plaintiff also asserts a claim of defamation based on his contention that Grady County officials released information to "local news stations and newspapers" on October 17, 2011 in which they defamed his character with "accusations that had no

---

[1] As previously noted, Plaintiff also attempts to assert a HIPAA claim based on allegations that Grady County officials disclosed Plaintiff's medical information in violation of HIPAA to local media on October 17, 2011. (ECF No. 1:5). The Tenth Circuit recently reiterated that it has never recognized a private cause of action under HIPAA. *See Thompson v. Larned State Hosp.*, 597 F. App'x. 548, 550 n.1 (10th Cir. 2015). (citing *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010) (dismissing a § 1983 claim "because HIPAA does not create a private right of action"); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (same)). Thus, this claim should be dismissed with prejudice.

evidence whatsoever to support them . . ." (ECF No. 1:5, 6). Under Oklahoma law, a defamation claim is generally governed by a one-year statute of limitations. *Davis v. Bd. of Regents for Okla. State Univ.*, 25 P.3d 308, 310 (Okla. Civ. App. 2001); *see also* Okla. Stat. tit. 12, § 95(A)(4). Thus, this claim is barred by the statute of limitations and should be dismissed with prejudice.

### D. Remaining Claims

Plaintiff also asserts Fourth Amendment claims based on false arrest, harassment and malicious prosecution arising from his arrest and criminal charge of first degree rape in October 2011. (ECF No. 1:5). As established, the applicable statute of limitations for these § 1983 claims is two years, *see supra.*, but the three claims do not accrue simultaneously. The critical question then to determine whether these claims are timely is the date upon which they began to accrue.

Beginning with Plaintiff's Fourth Amendment claim based on false arrest, the Tenth Circuit has recognized that such a claim begins to accrue on the date the plaintiff becomes detained due to legal process. *Meadows v. Whetsel*, 227 F. App'x. 769, 771-72 (10th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. 394, 391 (10th Cir. 2007)). "[T]he issuance of an arrest warrant represents a classic example of the institution of legal process." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). Though Plaintiff states in his Complaint that he was charged with first degree rape on October 17, 2011, he does not state the date upon which he was arrested, nor whether he was arrested pursuant to a warrant. (ECF No. 1:5). However, the undersigned takes judicial notice of

7

the Oklahoma Supreme Court's website that a warrant was issued in relation to this arrest on October 18, 2011. *See* Oklahoma Supreme Court Network (OSCN), http://www1.odcr.com/detail?court=026-&casekey=026-CF++1100394. Thus, if not before, there is no question that the statute of limitations for Plaintiff's Fourth Amendment claim based on false arrest began to run on October 18, 2011 and therefore, expired on October 18, 2013. Accordingly, this claim should be dismissed as untimely.

On the other hand, Plaintiff's Fourth Amendment claims based on malicious prosecution related to the October 2011 rape charge should survive the screening process. A claim of malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor. *Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008) (citing *Pierce v. Gilchrist*, 359 F.3d 1279, 1294 (10th Cir. 2004)). The charges against Plaintiff were dismissed on March 25, 2013. *See* OSCN, http://www1.odcr.com/detail?court=026-&casekey=026-CF++1100394. Plaintiff filed this action on March 20, 2015 and therefore, the claim was presented prior to the expiration of the two-year statute of limitations. *See Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013).

While this final claim is timely, Plaintiff has not sufficiently stated the party against whom this claim should be asserted. In his Complaint, Plaintiff states generally that the named Defendants, who are a former and current Grady County District Attorney as well as four employees of the District Attorney's office, worked in unison

with the Grady County Sheriff's Office to bring unfounded charges against him. (ECF 1:1-5). "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997); *see also Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (stating that personal participation is an essential allegation in a § 1983 action). Additionally, in an individual-capacity suit, the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation; it must allege a supervisor's personal participation, his exercise of control or direction, or his failure to supervise. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). When measured against this standard, Plaintiff's vague allegations fall short of those needed to state a claim against these Defendants.

This defect could be cured by amendment, and dismissal with leave to amend is recommended, but Plaintiff must be aware of the pleading requirements applicable to a case such as this. Although Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, it is well-established in this Circuit that because § 1983 defendants often include a governmental entity and numerous state actors, "it is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her...." *Gray v. Univ. of Colo. Hosp. Auth.*, 672 F.3d 909, 921–22, n.9 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)) (emphasis in original). "To

provide adequate notice as to the nature of multiple claims against multiple defendants, a complaint must isolate the allegedly unlawful acts of 'each defendant.'" *Id.* Accordingly, and in light of the statute of limitations, it is recommended that Plaintiff's final claim be dismissed with leave to amend his Complaint.

## RECOMMENDATION

It is recommended that Plaintiff's Fourth Amendment claims for malicious prosecution and harassment (Counts II and III) related to his October 2011 criminal charges be **DISMISSED without prejudice**. The undersigned further recommends that in light of the applicable statute of limitations, Plaintiff be directed to file an Amended Complaint within twenty (20) days of any Order adopting this Report and Recommendation, only insofar as he attempts to amend the Fourth Amendment malicious prosecution and harassment claims related to his October 2011 criminal charges.

It is further recommended that all claims against Defendants in their official capacities be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. Finally, it is recommended that Plaintiff's claims under the Fourth, Eighth and Fourteenth Amendments, as well as his purported claim under HIPAA and his state law defamation claim, related to his 2009 and May 2011 arrests and subsequent criminal charges (Counts I, IV and V) be **DISMISSED with prejudice** as untimely.

**NOTICE OF RIGHT TO OBJECT**

Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **June 15, 2015**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

**STATUS OF THE REFERRAL**

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on May 29, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE